UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**DONNA Y. SWEET,**

    **Plaintiff,**

v.                                                                 Case No: 5:17-cv-33-Oc-18PRL

**COMMISSIONER OF SOCIAL SECURITY**

    **Defendant.**

___

### REPORT AND RECOMMENDATION[1]

Plaintiff appeals the administrative decision denying her application for Supplemental Security Income ("SSI"). Upon a review of the record, the memoranda, and the applicable law, I recommend that the Commissioner's decision be **AFFIRMED.**

**I.    BACKGROUND**

On November 28, 2014, Plaintiff filed an application for SSI benefits, alleging disability beginning July 1, 2004.[2] The claim was denied initially, and upon reconsideration. At Plaintiff's request, a hearing was held on May 12, 2016, where both the Plaintiff and an impartial vocational expert testified. On August 19, 2016, the Administrative Law Judge (ALJ) issued a notice of unfavorable decision, finding Plaintiff not disabled. (Tr. 28-36). Plaintiff's request for review was

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

[2] For SSI claims, a claimant becomes eligible for benefits in the first month where she is both disabled and has an SSI application on file. 20 C.F.R. §§ 416.202-03.

denied by the Appeals Council (Tr. 1), and Plaintiff initiated this action on April 13, 2013. (Doc. 1). Plaintiff has exhausted his administrative remedies, and the final decision of the Commissioner is ripe for review under 42 U.S.C. § 405(g).

Based on a review of the record, the ALJ found that Plaintiff had the following severe impairments: lumbago and right leg pain (with a history of motor vehicle accident). (Tr. 30).

The ALJ found that the Plaintiff had the residual functional capacity to perform less than the full range of sedentary work. (Tr. 32). The ALJ found that Plaintiff can only occasionally climb ramps and stairs; she can never climb ladders, ropes, or scaffolds; she can only occasionally balance, stoop, kneel, or crawl; and she can never crouch. Based upon this RFC, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as order clerk, callout operator, and document preparer. (Tr. 35). The ALJ's finding includes his consideration of Plaintiff's limitations that erode the unskilled sedentary occupational base, and the vocational expert's testimony regarding what functions Plaintiff could perform in light of her limitations. (Tr. 35). Accordingly, the ALJ determined that Plaintiff is not disabled.

## II.     STANDARD OF REVIEW

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).

The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This is clearly a deferential standard.

### III.   DISCUSSION

On appeal, Plaintiff argues that the ALJ failed to properly develop a full and fair record by not ordering a psychological examination. (Doc. 20 at 16).

It is well-settled that the ALJ has a "basic obligation" to develop and full and fair record. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).[3] Although the ALJ has a basic

---

[3] This basic obligation only rises to the level of a special duty when a claimant is unrepresented and unfamiliar with hearing procedures. *See Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). Here, Plaintiff was represented at the administrative hearing by an attorney (Tr. 43) and Plaintiff raises no

obligation to fully and fairly develop the record, Plaintiff – and not the ALJ – bears the burden of proving she is disabled, and thus, Plaintiff is responsible for producing evidence to support her claim. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). The ALJ's obligation to develop a full and fair record includes ordering a consultative examination if one is needed to make an informed decision. *See Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984). However, an ALJ is not required to order a consultative examination as long as the record contains sufficient evidence for the ALJ to make an informed decision. *See Doughty v. Apfel*, 245 F.3d 1274, 1280-81 (11th Cir. 2001); *Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999).[4]

Because the Social Security Act requires only substantial evidence to support the ALJ's findings, a consultative examination is not required to establish absolute certainty regarding Plaintiff's condition. *Holladay v. Bowen*, 848 F.2d 1206, 1210 (11th Cir. 1988). Moreover, "there must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [Commissioner] for further development of the record." *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997). The court should be guided by whether the record shows evidentiary gaps which result in unfairness or "clear prejudice." *Id.*

Here, Plaintiff failed to show that a consultative examination was necessary for the ALJ to make an informed decision or that she was prejudiced by the lack of a consultative examination.

---

challenge regarding the representation. Accordingly, the ALJ's duty to develop a full and fair record did not rise to the level of a heightened duty. *See Ellison*, 355 F.3d at 1276-77.

[4] Plaintiff argues that the Supreme Court's decision in *Sims v. Apfel*, 530 U.S. 103 (2000) expanded the ALJ's duty to fully and fairly develop the record. However, the Eleventh Circuit considered and rejected this same argument, which was raised by the same counsel representing Plaintiff in this case. *See Mosely v. Acting Comm'r of Social Sec. Admin*, 633 Fed. Appx 739, 742, n. 1 (11th Cir. 2015). The Eleventh Circuit noted that while the *Sims* court restated the ALJ's duty to fully develop the record, the extent of that duty was not an issue before the Court; and thus, *Sims* did not impose a heightened duty on an ALJ.

As an initial matter, Plaintiff's argues that the ALJ failed to properly consider the effects of her 2004 hit and run accident. (Doc. 20 at 16). Plaintiff states that although the ALJ noted at step two that Plaintiff was in a motor vehicle accident,

> he failed to logically follow up with the fact that it was a hit-and-run accident, i.e., this is not an accident where the plaintiff was seatbelted in a motor vehicle or protected by an airbag. Thus, common sense would inform the ALJ that the client was on a hard surface, such as a road or parking lot when she was struck by a motor vehicle. Therefore, a reasonable person would suspect that she suffered a closed head brain injury at the same time, when her head (of necessity) struck the road or parking lot surface. Certainly, a closed head injury would explain the testimony of both the claimant and her mother with regard to memory and executive function.

However, a review of the record shows that there was sufficient evidence (post-dating the accident) for the ALJ to make an informed decision about Plaintiff's functional limitations—including progress notes from The Centers, Inc., medical records from the Heart of Florida Health Center Southwest, the July 2014 consultative examination report of Dr. Choksi, and the records from the Ocala Health System. (Tr. 324-445, 451-58, 460-64, 470-91).

In June 2014, Plaintiff established primary care at the Heart of Florida Health Center. (Tr. 451-55). Plaintiff denied memory difficulties and feeling confused. On examination, Plaintiff's judgment was within normal limits but her insight for her current condition was impaired. Her rate of thoughts were normal, thought content was logical, mood was normal, affect was appropriate, associations were within normal limits, and she had no hallucinations, delusions, psychotic thoughts, homicidal or suicidal ideation and no evidence of obsessional thinking. A July 2014 head CT showed "[n]o acute disease." (Tr. 458).

The ALJ also considered the consultative evaluation performed by Samer R. Choksi, M.D. in July 2014. (Tr. 460-64). Plaintiff reported being involved in a motor vehicle accident and having a seizure disorder, but she had not had any seizures in the past year. On examination, Plaintiff was

oriented times three, with good judgment, normal mood and affect, and normal recent and remote memory. Dr. Choksi concluded that Plaintiff is able to change clothes and perform self-hygiene and cook and clean for self as activities of daily living and is able to interact in public and maintain a sufficient level of functional ability by completing basic housework, grocery shopping, and she is able to manage her own personal finances.

The ALJ also properly relied upon the opinion of the state agency psychologist, Dawn Jackson, PsyD. who reviewed the evidence of record in August 2015. (Tr. 33). Dr. Jackson opined that Plaintiff had mild restrictions of activities of daily living, mild difficulties in social functioning, mild difficulties in maintaining concentration, persistence or pace, and no repeated episodes of decompensation. (Tr. 102-03).

Moreover, the ALJ asked Plaintiff's counsel at the hearing in May 2016 if he was aware of any other outstanding medical records that relate to the claim. (Tr. 43). Plaintiff's counsel noted that there were some additional records and that he was working on getting them, but that he had some trouble with one of the providers. (Tr. 44). The ALJ advised counsel that he would consider issuing a subpoena if Plaintiff's counsel sent him a letter with an outline of the problem. (Tr. 44). At the end of the hearing, Plaintiff counsel's requested that the ALJ order a psychological and a physical CE. The ALJ stated that he would hold off ruling on the CEs until he had received the rest of the medical evidence to see if the CEs were needed. (Tr. 76-77). Despite this repeated direction to file the additional medical evidence, the record does not include any additional records (or communication) submitted by Plaintiff between the hearing on May 12, 2016 and the final decision dated August 19, 2016. Nor does Plaintiff argue that she submitted additional records or that she requested the ALJ's assistance in obtaining records. Accordingly, Plaintiff failed to perform her duty of submitting records or other evidence. *See* 20 CFR § 416.912(a)

Based on the foregoing, there was sufficient evidence for the ALJ to make an informed decision regarding Plaintiff's mental health impairment. Plaintiff's unsupported allegations are not a sufficient basis for finding that a consultative examination was necessary. Indeed, Plaintiff can only speculate that a consultative examination would support – and not refute – her claim of a disabling mental impairment. Accordingly, the ALJ was not required to order a consultative psychological examination. Moreover, as discussed above, the ALJ's evaluation of Plaintiff's mental impairment was supported by substantial record evidence and Plaintiff has failed to carry her burden to show that her mental health impairment caused greater functional limitations than those assessed by the ALJ.

### IV.   RECOMMENDATION

For the reasons stated above, it is respectfully **RECOMMENDED** that the ALJ'S decision should be AFFIRMED under sentence four of 42 U.S.C. § 405(g). .

**DONE and ORDERED** in Ocala, Florida on January 8, 2018.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties